UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
LONDON

**Eastern District of Kentucky**
FILED

FEB 0 8 2006

AT LONDON
LESLIE G. WHITMER
CLERK U.S. DISTRICT COURT

CIVIL ACTION NO. 04-363-GWU

ROGER NORTH,                                               PLAINTIFF,

VS.                              **MEMORANDUM OPINION**

JOANNE B. BARNHART,
COMMISSIONER OF SOCIAL SECURITY,                           DEFENDANT.

## I. INTRODUCTION

Counsel for the plaintiff in this case has filed a Motion for an award of attorney's fees under 28 U.S.C. Section 2412(d), the Equal Access to Justice Act (EAJA). The defendant has opposed the motion.

## II. APPLICABLE LAW

The EAJA provides that attorney's fees and other expenses will be awarded to a party adverse to the United States when:

1) the party seeking such fees is the "prevailing party" in a Civil action brought by or against the U.S.,

2) an application for such fees, including an itemized justification for the amount requested, is timely filed within 30 days of final judgment in the action,

3) the position of the government is not substantially justified, and

4) no special circumstances make an award unjust.

28 U.S.C. Section 2412(d)(1)(A),(B).

1

Marshall

Plaintiffs are a "prevailing party" under the EAJA "if they succeed on any significant issue in litigation which achieves some of the benefit the parties sought in bringing suit." Hensley v. Eckerhart, 461 U.S. 424, 433 (1983) quoted in Perket v. Secretary of Health and Human Services, 905 F.2d 129, 131 (6th Cir. 1990). Trident Marine Construction v. District Engineer, etc., 766 F.2d 974.

The term "substantially justified" has been defined as meaning that the action was "justified, both in fact and in law, to a degree that would satisfy a reasonable person." Jankovich v. Bowen, 868 F.2d 867, 869b (6th Cir. 1989)(citations omitted). A finding that the government's position was not supported by substantial evidence does not automatically equate to a finding that it was not "substantially justified." Couch v. Secretary of Health and Human Services, 749 F.2d 360, 361 (6th Cir. 1984).

### III. DISCUSSION

The defendant argues that its position was "substantially justified" at the administrative level. The Court notes that the case was remanded primarily because the ALJ did not include a set of limitations in the hypothetical question to the vocational expert, which was expressly included in her findings. While the Court cited the example of "cleaner, housekeeper" in the Dictionary of Occupation Titles as an example of a job clearly involving more than occasional reaching of some type, this was but one example relating to the jobs cited by the vocational expert which could be given. The Court takes judicial notice of the fact that sales clerk (DOT 290.477-014), cashier-checker (DOT 211.462-014), cashier I (211.362-010)

2

Marshall

have the same parameters.  As was noted, not only did the ALJ not cite her ultimate limitations to the vocational expert, but the limitations are of potential vocational significance.   Thus, the undersigned rejects the defendant's argument about "substantial justification."

More persuasive is the case for a reduction of hours charged by the plaintiff. The Court notes that no hours are charged for the extensions of time sought. However, only two days are noted for the preparation of the motion for summary judgment, meaning that any work over 16 hours would seem unusual; moreover, the amount of hours does seem a greater amount than normal.  Accordingly, the undersigned will reduce the hours charged for this listing to 16 hours.

Therefore, the plaintiff's Motion for Attorney Fees under EAJA will be granted, but with a reduction of 9 hours for the 2005 listing cited above.

This the ___8___ day of January, 2005.

_____
G. WIX UNTHANK,
Senior Judge

3